Good morning, Your Honor. Is this audible? Yes, it's working. Good. Donald Falk for Petitioner-Logitech. Article III opens the federal courts to resolve the disputes of citizens who exercise their rights under the Petition Clause, not to prolong those disputes arbitrarily, but that's what the Standing Order provisions at issue here do. They force litigation and prohibit conciliation. And that's why those restrictions on conducting any discussions and completing a class settlement before completing an adversary class certification proceeding, why those have to be vacated. That order does two things it can't lawfully do. One, it prohibits all settlement of a class action where the certification occurs only during the Rule 23e approval process, which is something we're all familiar with from the Amchem case and long before it to the current day. And it prohibits even talking. It prohibits specific parties, parties to a putative class action, from specific content settlement discussions until a full adversary class certification. So we're in the world of mandamus. This is not a direct appeal. That's right, Your Honor. Okay. So why is this Standing Order clearly erroneous? It is clearly erroneous because it is flatly and The key factor in the Bauman factors that you have to meet. Yes. I don't think the others are meaningfully disputed here other than clear error, though I'm happy to address the rest. Clear error. It is clearly erroneous because like the gag order struck down in Gulf Oil versus Bernard, the two components here are flatly inconsistent with the policies of Rule 23. Now, Rule 23e is now explicit, explicitly permits pre-certification settlements and lays out the factors and the analysis further elaborated on in the advisory committee notes. But the Supreme Court has recognized for a very long time that even the terser version of Rule 23e permitted pre-certification settlements so long as the class met the different standards of class certification that apply in the settlement  And those standards are, you know, favor pre-certification settlement as this court held and found in the Hyundai case on Bank recently. The differences in the standards can be quite substantial both in effort and in the types of classes that can be certified. Big issues go out of the Rule 23, not only Rule 23e, but other provisions of Rule 23 gives the district court quite a bit of discretion on how to manage a class action. They do indeed, Your Honor. The district court has discretion to manage the class action, but it does not have discretion to manage the class action in a way that contradicts the expressed policies of the rule. But what he said, as I understand the standing order, it's that there cannot be settlement negotiations without there being, I guess, certification or alternatively bankruptcy. No, no, no. No, no, no. Yes. Confirmation or appointment of interim counsel, interim class counsel. Which the court will only do in the case of bankruptcy. It did not address any of the usual issues one looks at in appointing interim class counsel. It did not find that this, that the Edelson firm, one of whose representatives I believe is here today to address any questions that are plaintiff specific, didn't find that there are something wrong with them or something that would not permit them to carry the water of the class. It said, is the company going bankrupt? That's all it said. That's all it said in 24, 25, 26, the appendix. And again at 34, it's not going bankrupt, no interim class counsel. So the concern of the district court, as explained in the order I think it was, is that there's the basis for the standing order is to protect the class, correct, the putative class. Isn't that right? That's right, Your Honor. But to avoid any collusion. And Rule 23E, as the Supreme Court has recognized decades ago, is designed to address that specifically. It tells you. Rule 23E, the district court rules, decades of precedent tell you exactly what to do. In fact, in approving and reviewing a settlement in many of the district courts, it is true, as the district court says, I can't recall whether it was in this order, its papers to this court, that many courts have in the past rubber stamped settlements that it shouldn't have. They shouldn't have. Not this district court. I think I may have misstated the district court's primary concern. Collusion was there. But the other aspect of it was the fact that the possibility that the class might not be settled allows for a discount in the way the settlement might be negotiated. Again, Your Honor, it's not at all — well, it is clear from Rule 23E. It's been clear for a long time from precedent, but Rule 23E now codifies that precedent in E2C1, I believe, that all the risks of trial and appeal and delay of trial and appeal are factors to be considered. And, in fact, the advisory committee note says quite clearly that one of the factors that may be considered is whether and to what extent a class would be certified under the stricter litigation standard. The advisory committee note says exactly that. Now, when Rule 23 not only is expressed by the Supreme Court and interpreted by the Supreme Court, but now in its very text says here's how you address those factors, the court is not at liberty to say absolutely no one except in case of bankruptcy or perhaps an injunction, things that never seem to arise in real life, it can even discuss settlement, much less present a settlement that Rule 23E says it's able to present. Let me ask you, how can plaintiffs' counsel talk settlement on behalf of a class, you know, realistically, when they don't even really — the counsel doesn't represent the class? Well, the Supreme Court has found no problem with that, nor did the en banc court in this en banc court in deciding the Hyundai case. And Rule 23E accepts it. You can negotiate a settlement. It might not be approved. It might not be approved. The concerns that district court addressed — But you're saying there's a — you have a First Amendment right to discuss settlement with plaintiffs. We do have a First Amendment right. With plaintiffs, with the putative classes' supposed counsel. We can talk about — I mean, how does that fit into this? How does that fit into this? I mean, the counsel — there's no class yet. There is a gag order that — It's been ratified. Counsel has not — an interim counsel has not been appointed to represent the class. Well, if that were the case, then any district court in the country can say, no pre-certification settlements, period. Rule 23E is irrelevant. Sorry, Supreme Court. You were wrong in AMCAM. Sorry, en banc Ninth Circuit, in spending all that time talking about the differences and the litigation class standards and the settlement. You're wrong. You're just wrongheaded. You didn't have the power to do that. Under his standing order, all you have — all counsel has to do is go in and move for reappointment of interim counsel. Which counsel did. And if it's denied, you can come back. Come back to what? To the district court. To come back for what? After an adversary — Do it. Ask it again. Ask for — How many — the district court didn't even look at the relevant standards. It just said, is it going bankrupt?   Denied. That's all the district court did. Rule 23E contemplates that, yes, interim class counsel is, as in every other courtroom that I'm aware of in this country, allowed to negotiate a settlement. And if the settlement's no good, if class counsel's no good, if the class rep is no good, if the relief is no good, if the release is overbroad, if the compensation's too low, the district court can reject it. That's what Rule 23E says. It doesn't say that you can add to Rule 23E something that not only isn't there but flatly contradicts it. That's what Guilfoyle is about. That's what case after case is about. There's nothing wrong with the court's concerns. If it's concerned about collusion, it's actually — page two of its standing order, the district court's standing order, says what you have to file to satisfy the court about adequacy. It's a pretty good list. And there's no reason it can't be filed under Rule 23E after a settlement rather than at the adversary stage. In fact, the standing order is somewhat contradictory. He sets out what you have to file on a proposed settlement and then says you can't even talk about it. You know, he sets out things like you have to swear under oath, all the possible flaws with your class, with your plaintiff, any relations with counsel. You're talking about the Northern District's general order. No, I'm talking about Judge Alsup's specific standing order. In Appendix 2, he sets out things that he can ask and other judges do ask, and I'm sure Judge Alsup asks when you have an actual settlement before him, in order to probe the adequacy. That's one of the concerns he raises. He raises the concern that's also in the federal rules, the local rules, about the fit between the pleaded claims and the release. Right. I mean, there's also — again, this is a valid concern. We don't dispute that it's a valid concern that sometimes you have a settlement that pays a lot to the lawyers, not much to the class, and releases a whole bunch of claims that bear little relation to the complaint but give a defendant a whole lot of coverage. But that's not what we're talking about here. What we're talking about here is, as I know from prior experience and have been up before this court with them more than once, a very able class plaintiff's firm that wants a chance to negotiate a settlement, one where we have said that if we agree upon a class, there will be no class discount. That's what we have to agree upon the class. We can't kind of come in here and say, well, we'll agree to whatever the plaintiffs say in their complaint and then be bound in litigation if it doesn't settle. I mean, that's just not how Rule 23E contemplates this working, and that's not how it does work. And there's nothing, as I say, there's nothing wrong with discounting the possibility of class certification failing. There are Rule 23F appeals. There's appeals after final judgment, which can happen in a smaller case. Doesn't have much. Agree with that. But it can happen. It does happen some when a case is not, you know, a bet the company case. And, in fact, if the district court's right here, if it is right that we don't even have the talk, we don't even have the right to talk settlement, then, you know, God help us if we went into the district court mediator here and then got assigned a judge. What happens then? The whole mediation program set up to settle cases like this, and it does so pretty well, as does the mediation program here. Those are apparently wrongheaded as well. But Rule 23E tells you. It would be one thing if there were no guidance, if there were no guidance in precedent, let alone the text of the rule. But there is guidance here. Do you want to save some time for rebuttal? I'm mindful of my time, and I will reserve the rest of it for rebuttal. Thank you, Your Honor. Good morning, Your Honor. My name is Peter Buscemi. I'm here on behalf of the district court. The district court in this case has provided for the order and the manner in which the parties in the court should proceed in addressing this putative class action. The court has set out a schedule for those steps. In fact, the class certification motion that plaintiffs wanted to file would have been submitted on February the 21st, but that was eight days after the court stayed the action because defendant Logitech filed its mandamus petition in this court. Now, Logitech wants to tell the district court how it should handle the class action that's before this district court. This district court is not telling other district courts how to handle the class actions before those district courts. It's handling the action before it. Logitech doesn't like the way it's doing it. We've heard many references. Well, you know, I've never seen an order quite like this one. Well, there have been other orders entered by this district court and other class actions that are quite similar. But let me just go back to Rule 23. We've heard a lot about Rule 23. And the order does appear to be inconsistent with the whole scheme under Rule 23. Well, I wouldn't agree with that, Your Honor. Rule 23d gives the court substantial discretion over it. Yes, but Rule 23 also promotes settlements. That's true, Your Honor, and there's no bar to settlement here. Once we know whether this case can proceed as a class action, and if so, on behalf of what class and what claims and with what class representative and with what class counsel and class counsel has been appointed to represent the class, then it's... Why would you want to drag out the case? There's no drag, Your Honor. Judge, there also seems to contemplate some sort of litigated class certification proceeding. Yeah, well, there's been no agreement on the class, Your Honor. And in fact, I urge, Your Honor, to take a look at what the defendant has said in its pleading, in its answer, and in its other submissions, including the submission to this court. Take a look at pages 10 and 11, for example, of their reply submission in this court. They don't accept the class that the plaintiff has pled in its complaint. They disagree. They say the case should not proceed as a class action, yet they want to settle on behalf of some unknown class. The court decided that it's better to determine whether this case is properly proceeding as a class action on behalf of which class and which claims and with which counsel, and then they can negotiate away. But they will not be negotiating with the issue of whether the case can proceed as a class action hanging over their head as an unresolved issue. It seems as though Rule 23 and our case law all contemplate that it is proper for parties to negotiate a settlement before you come to the district court and say we have a settlement. I mean, this seems to... I understand the basis for the order and the objective, but it does seem to impose significant added costs on both sides. Well, Your Honor, I am not aware of the significance of the cost. There's been no motion. There's been no discussion of what the class should be. All the plaintiff has done is to put in a pleading that says we want to represent a nationwide class, and the defendant has put in a pleading saying we deny that this case should proceed as a class action. So after the case is at issue, with the answer having been filed, why can't they sit down and talk settlement? For the reasons, Your Honor, that the court has set forth repeatedly four times, I think, in its June 13th order, at the hearing on August 23rd, in its further order on January 18th of this year, and again in its submission to this court. And I'll just name four concerns that the court has. I think Your Honor is already familiar with them. One, if the class certification issues have already been decided, then the settlement discussion will focus only on the merits of the claims and not on this unknown question of whether there will or will not be a class and what the class will be, how broad it will be. Will it be a nationwide class, a state class, subclass? We don't – there's no reason why that should drive down the potential recovery of the class. Well, I can't – I don't understand why all those districts can't be – so the parties – let's say the parties get together and they come up with a proposed settlement and they file a motion for tentative approval. Why can't the district court then just have at it? Your Honor, I think what you're seeing here is parties who have found a district court judge who wants to proceed in a particular way and they don't like it because the district court is exercising more control over the litigation. The reason is that once that happens, once the plaintiff and the defendant have negotiated a class and they have negotiated a settlement for the negotiated class and then they come marching in lockstep before the district court and they say these are the claims that we've decided are going to be released, they're going to be released on behalf of this entire class, and if you look at the response in this court, for example, filed by Logitech, they specifically say, well, we don't want the class that they have asked for because we don't want to be stuck with that class. But, of course, if we reach an agreement, we might go with that class because then once we have the agreement, we want the biggest possible class. The district court is free at that point to reject the proposed settlement and say I don't agree with this class, it's too narrow, it's too broad, it's too whatever, it doesn't encompass this claim, it doesn't encompass that claim. The court can appoint counsel, it can do any number of things to protect the interest of the proposed class. Of course, the district court has the authority, there's no question, there's never been any denial that the district judge has the authority to review the class settlement in those circumstances. But what the court has said... And our case law says that when there's a proposed class action settlement, the district court judges have a heightened obligation to scrutinize that proposed settlement. And I think the reason for that heightened obligation is just because of some of these dangers. Now, the district court in this case has decided it's better to resolve the class issues first and then proceed to any settlement negotiations the parties want to have just like in a normal case. When you have a normal case that's not a class action, when the parties negotiate, they know what the claims are, they know what the parties are, and they negotiate on the basis of the merits of the claims. They don't negotiate with this enormous cloud hanging over their head about whether it will or won't be a class action. Moreover, there's no one, no one in the circumstances that Your Honor is discussing who will advocate for the other side of the coin, who will represent the interests of the absent class members. The court could appoint counsel. Well, you know, Your Honor, that's extremely expensive. We're talking about... Well, it's extremely expensive also to require some litigation, you know, discovery and whatnot to go forward before you're going to determine what the makeup of the class is. Well, Your Honor, look at the proposals here. Look at the case, the joint case management proposal that was submitted by the parties. They didn't want to even ask for class certification until July of this year. We're not even there yet. They wanted to complete all discovery in the case, all merits discovery, all discovery, and then only then ask for class certification. They never had any desire to litigate. They wanted to go off and do a deal. Who knows? Maybe they had already done a deal. And that's why they're so angry about this procedure that the district court has adopted in this case. This notion that all we're interested in is saving money and we're going to protect the interests of the absent class members, that's... you're being sold a bill of goods. Logitech has no interest in protecting the interests of the absent class members. They have an interest in protecting their interests, and there's nothing wrong with that. But they shouldn't come before you and suggest, oh, we're here to tell you what's good for the absent class members. Now, if we proceed, when the court explain that there will not be any discount, there is no way to get to the... for, you know, the risk of class certification, there's no way to get to the bottom of that by the court examination under Rule 23E. Rule 23E doesn't say the court must permit pre-certification settlements. It could say that. It could say the court is prohibited from deciding that class certification should go first. It doesn't say anything like that. All it does is say if there's a pre-certification settlement, then it will be reviewed in this manner. In the same way that Rule 23G-3 says the court may appoint interim class counsel. Well, you know, I don't... There certainly is nothing in the rule that requires pre-settlement certification. And, in fact, the rule seems to contemplate the opposite. That there will be settlements before class certification. Your Honor, there certainly have been settlements that have occurred before class certification, and the rule acknowledges that. And the district court acknowledges that. Let me ask you this. What do we do with Gulf Oil's, you know, concern that the order in that case... You have to look at the... You have to look at these kinds of orders in the context of the rule. Your Honor, I'm very happy you asked about Gulf Oil because Gulf Oil is a terrific case. It is true that the... In the court's opinion in that case, they rejected an order from the district court that attempted to preclude communication between plaintiff's counsel and prospective class members. And the court explained that that was an abusive discretion under Rule 23 because there had been no record made, no findings, no legal analysis, no nothing, just the order entered at the request of Gulf Oil. Now, what's really important, though, is what the court said in its opinion. Let me read from what Justice Powell said. I believe it was Justice Powell. I might have that incorrect. He said, In the conduct of a case, the court often finds it necessary to restrict the free expression of participants, including counsel, witnesses, and jurors. We also note that the rules of ethics properly impose restraints on some form of expression. And even more apropos here, a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties. That's what the Supreme Court recognized in the very case on which they wrote... Then they concluded that the order that they were reviewing was inconsistent with Rule 23. Because it was an abuse of discretion under Rule 23 for the reasons that I just mentioned. There had been no findings. Let me ask you this. In this particular case, did Judge Alsup make any findings or any determination that there was something amiss here? In this case, Judge Alsup entered the order at the very beginning of the case to prescribe the procedure that the parties in the court were to follow and to avoid the dangers that the court identified. This is not a situation for an extraordinary remedy of mandamus. If a class is certified, the parties can negotiate away. They've been free, by the way, to negotiate about the named plaintiff's claim throughout this process. So if they wanted to say what full relief is, the defendant here has been saying it wants to make the consumers whole. It never says what it means by that. If it wanted to demonstrate what it meant by that, they could have negotiated with respect to Mr. Porath's claim. They could have decided what Mr. Porath's claim was worth. He bought the 2 speakers that are at issue in this case. The claim is that there are these speakers that are supposed to have 2 drivers, they only have 1 driver. So he bought them. I thought it was 4 drivers. Well, that's because there's 2 speakers. They're supposed to have 2 each, 2 times 2, 4. They only have 1 each. Got it. It depends whether you're talking about 1 or 2. Anyway, Mr. Porath allegedly bought these speakers. The list price for them was $29.99. Amazon was selling them for $22.99. I don't know what Mr. Porath wants. Mr. Porath hasn't said. Sometimes he says he wants all of his money back. Sometimes he says he wants the difference between what he paid and what the speakers are worth. I don't know what the defendant thinks he should get. They want to make him whole. They haven't done anything to demonstrate what they're prepared to do, even with respect to Mr. Porath, and they've been free to do that the entire time. They haven't done anything with respect to describing what they think the class ought to be, except to say, well, there may be a lot of people out there who bought these speakers, but they never saw the ads that said they had 4 drivers and not 2 drivers, so they couldn't have been adversely affected by the advertising. So this is all... They just want to do it the way they want to do it. There's no abusive discretion here. There is no criticism of the reasoning of the district court. They're not telling you that the district court's concerns are not well placed. They say that the only way the district court can address those concerns is by letting them do what they want to do, then presenting it to him jointly as a package, take it or leave it, here it is, and you figure it out. And that's not required by the rules. The question is not whether the rules would permit such a settlement. The question is whether the rules require it. Okay. Thank you, Your Honor. Thank you. We'll hear from the other... I think you had about 3 minutes for rebuttal. Thank you, Your Honor. I agree, Gulf Oil is a wonderful case. It says it must consider the authority of district courts under the federal rules to impose sweeping limitations on communications. It says the district the question for decision is whether this limiting order is consistent with the general policies embodied in Rule 23. It says the district court's discretion is not unlimited and indeed is bounded by the relevant provisions of the federal rules. It says that you can't impose an order limiting communications unless you have a clear record and specific findings. And since then, this was some time ago, good Lord, 1981, some time ago indeed, the commercial speech doctrine has gone a long way and under Sorrell and many others when you have a specific limitation on specific people talking about specific things, you need a heck of a showing. And even under the weakest formulation of the weakest standard, this court usually says it's narrow tailoring or no more extensive than necessary, but even if you take the reasonable fit language, it's not a reasonable fit when you have a rule that fits like a glove and says when this is supposed to happen and how you protect against the very things the district court claims to be concerned about. Now, I've been litigating class actions in this court and other appellate courts for a long time and I've never heard anybody come up and say what they should have done is picked off a name plaintiff. Never heard that before. Well, that does happen, doesn't it? What? That does happen. It does happen when class certification is not very likely and it certainly other defendants may try to make it happen in other times, but I've never heard someone say, well, that's the solution, pick off a name plaintiff. That seems to me that's doing the opposite of protecting class members. You know, what the problem here is that it's all based on speculation. Mr. Beshami speculated there was a deal already. The judge also speculated that in some cases other things happen. But we know when and how you're supposed to look into those issues. The judge has a lot of discretion to inquire into how the deal was made, into who's covered and why, what the discounts are and why. A lot of discretion to do that under Rule 23E. That tells him how to do it. He can't stop us from talking. First Amendment bars that and it's directly conflicting with the policies of Rule 23. And he can't stop us from submitting a settlement which he has to review under Rule 23E, not under some, you know, blanket order that says you can't settle until you've certified a class under an entirely different standard as the Hyundai case demonstrates. Or you get counsel appointed, interim counsel. Yes, you need to have interim counsel. And, you know, if of course the Edelson firm somehow failed to satisfy the usual standards, then, you know, that would be an interesting issue that can be pursued. They have to be appointed. I completely agree. They have to be appointed as interim counsel. And, you know, I'm sure Mr. Valvanian and his partners are happy to make that showing in front of the court. Thank you. Okay, thank you. Case is submitted at this time.
judges: Paez, Rawlinson, Anello